UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WADE STARKEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-397 RM |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Plaintiff Wade Starkey sought judicial review of an adverse decision by the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income. The decision was vacated by order dated September 29, 2006, and the case was remanded for further proceedings. Judgment was entered on October 3, 2006, and no appeal has been filed. Mr. Starkey now seeks an award of attorney and paralegal fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner has not responded.

The court may award reasonable fees and expenses under the EAJA (1) if the claimant is a prevailing party, (2) the government's position was not substantially justified; (3) there are no "special circumstances" that make an award unjust; and (4) the fee application is timely filed and supported by an

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been automatically substituted as the named defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

itemized statement. Conrad v. Barnhart, 434 F.3d 987, 989 (7th Cir. 2006); Golembiewski v. Barnhart, 382 F.3d 721, 723-224 (7th Cir. 2004); 28 U.S.C. 2412(d)(1)(A),(B). Mr. Starkey's application was not timely filed, but the government did not object to that or any other element of his claim for fees, and does not contest his eligibility for fees under the EAJA.[2] The amount of the award is left to the court's discretion. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

In support of his motion, Mr. Starkey submitted a copy of his fee agreement with counsel, Jame Goldstein, and Ms. Goldstein's affidavit, in which she states that:

> The maximum hourly rate allowed by the Equal Access to Justice Act is $125.00 plus cost of living adjustments based on the consumer price index (urban)("CPI-U") for the year in which the work is performed. My EAJA attorney fees have been calculated based on those hourly amounts. I have received fees comparable to the fee requested pursuant to EAJA and 42 U.S.C. 406(b) in other social security cases.

Ms. Goldstein requests a total award of $7,590.77. She seeks a cost of living adjustment based on the Consumer Price Index and asks the court to compensate her at the rate of $156.25 per hour for the 36.5 hours she expended in 2005 and $160.62 per hour for the 11.75 hours she expended in 2006.[3] She also seeks a

---

[2] Mr. Starkey filed a belated motion for an enlargement of the filing deadline on March 1, 2007, demonstrating to the court's satisfaction that the failure to act within the time provided was the result of excusable neglect. Accordingly, the motion [Docket No. 30] is GRANTED.

[3] The plaintiff's unopposed motion to supplement the fee petition with evidence of the CPI index referenced in the petition [Docket No. 29] is GRANTED.

cost of living adjustment for paralegal fees from $75.00 to $93.75 per hour for four hours in 2005.

28 U.S.C. § 2412(d)(2)(A) provides that:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that...attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." McNabola v. Chicago Transit Auth., 10 F.3d 501, 519 (7th Cir. 1993). Neither the fee agreement nor Ms. Goldstein's affidavit identify her actual hourly rate or explain why that information may not be unavailable. The fee agreement simply states that "if we prevail on my claim and it is deemed substantially justified, attorney fees and costs for representing my social security case in the district court will [be] paid by the U.S. government through the Equal Access To Justice Act, 28 U.S.C.A. Sec. 2412 ("EAJA fees"), and "if we do not prevail on my claim or it is deemed not substantially justified, I will not owe attorney fees."

When the court cannot determine the attorney's actual billing rate, it considers the next best evidence, including rates other attorneys in the area charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases. Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 407 (7th Cir. 1999); People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310-12 (7th Cir.

3

1996). Ms. Goldstein did not provide a list of any recent cases or fee awards supporting her fee contention, or present any evidence of rates other attorneys in the area charge paying clients for similar work. She stated only that she has "received fees comparable to the fee requested...in other social security cases." Such a statement does not, in and of itself, satisfy the plaintiff's burden of establishing the market value of the services rendered. *See* Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984) (a fee applicant must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation");  Uphoff v. Elegant Bath, Ltd., 176 F.3d at 408 ("An attorney's self-serving affidavit alone cannot satisfy a plaintiff's burden of establishing market value for that attorney's services"); Raines v. Shalala, 44 F.3d 1355, 1361 (7th Cir. 1995) ("the area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment of attorney fees in excess of the [EAJA hourly] rate").  Accordingly, the court must deny counsel's request to award more than the statutory maximum hourly rate.

For the foregoing reasons, Mr. Starkey's motions to extend the time to file his fee petition [Docket No.30], to supplement the petition [Docket No. 29], and to award reasonable attorney fees and costs under the Equal Access to Justice Act [Docket No. 28] are GRANTED. Mr. Starkey is hereby awarded attorney fees in the amount of $6,031.25 (48.25 hours at the statutory maximum hourly rate of

4

$125.00 per hour) and reasonable paralegal fees in the amount of $300.00 (four hours at the stated billing rate of $75.00 per hour), for a total of $6,331.25.

SO ORDERED.

ENTERED:   March 2, 2007

/s/ Robert L. Miller, Jr.
Chief Judge, United States District Court
Northern District of Indiana